IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WASHONDA J. HOWARD-HUNT,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 1:22-00319-JB-N<br>) |
| MOBILE INFIRMARY HOSPITAL,<br>    Defendant. | )<br>)<br>) |

## REPORT AND RECOMMENDATION

Plaintiff Washonda J. Howard-Hunt, proceeding without counsel (*pro se*) filed a civil complaint (Doc. 1) in this Court along with a contemporaneous motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP"), on August 17, 2022. (Doc. 2). The District Judge assigned to this case referred these filings to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (8/17/2022 electronic reference). For the reasons stated herein, the undersigned **RECOMMENDS** Howard-Hunt's complaint be **DISMISSED without prejudice**.[1]

On initial review of Plaintiff's complaint and IFP motion, the Court discovered several deficiencies, which were detailed in an order dated August 24, 2022. (*See* Doc. 3). Among other instructions, Plaintiff was directed to, by September 26, 2022: (1) file an amended complaint, including the information described in the Pro Se Litigant Handbook,[2] and (2) refile her IFP motion on the Court's form, filling out all applicable

---

[1] Accordingly, Howard-Hunt's IFP motion (Doc. 2) is **MOOT**.

[2] The August 24, 2022, order also directed the Clerk to send Howard-Hunt copies of the both the Pro Se Litigant Handbook, the Court's IFP motion form, and a copy of that order. (Doc. 3, PageID.11).

sections. (Doc. 3, PageID.11). Additionally, this order reminded Plaintiff of her obligations under this Court's local rules and the Federal Rules of Civil Procedure relevant to her *pro se* status, including S.D. Ala. GenLR 7, which states that any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." (*See* Doc. 3).

Despite this instruction, Plaintiff submitted a letter to the Court on September 6, 2022, addressed to the undersigned, which stated: (1) that Plaintiff "understand[s] the deadline to respond and correct [her] complaints," but, (2) has "decided to hold off this complaint until [she] come[s] in with a lawyer." (Doc. 4, PageID.13). Unclear as to Plaintiff's intentions based upon this letter, the undersigned entered an order on September 29, 2022, instructing Plaintiff to either (1) comply with the Court's previous order (Doc. 3), or (2) notify the Court of her intent to voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)(1). (*See* Doc. 5, PageID.19-20). Howard-Hunt was instructed that she had until November 1, 2022, to do so. (*Id.*).[3] To date, Howard-Hunt has not responded to the Court's orders, nor provided any explanation for her failure to do so.

**I.    *Dismissal***

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to

---

[3] The undersigned's September 29, 2022, order further informed Plaintiff that a failure to timely comply with the Court's orders would result in dismissal of the action for failure to prosecute and noncompliance with a court order under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

2

manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). Here, Howard-Hunt failed to comply with the Court's orders (Docs. 3, 5), nor has she provided the Court with an explanation for the purpose of her September 6, 2022, letter, despite being given ample opportunity to do so. Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## II.   *Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Howard-Hunt's complaint dated August 17, 2022, be **DISMISSED without prejudice**;[4] and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

---

[4] As noted above, such a recommendation renders Plaintiff's IFP motion (Doc. 2) **MOOT**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 8th day of November 2022.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**